UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATTI REGAL,**<br><br>Plaintiff,<br><br>v.<br><br>**TOWNSHIP OF SPRINGFIELD,**<br><br>Defendant. | Civ. No. 2:14-cv-04524 (WJM)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on an unopposed joint motion to approve a settlement agreement. In June 2014, Plaintiff Patti Regal filed this action against Defendant Township of Springfield. The Complaint alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New Jersey Wage and Hours Laws ("NJWHL"). Specifically, Regal – who was employed by Defendant as an officer worker – alleges that Defendant violated the FLSA and the NJWHL by failing to pay her overtime. Defendant maintains that Regal was properly compensated for all time worked. On October 17, 2014, upon motion by Defendant, the Court dismissed the NJWHL allegations.

After engaging in some written discovery, the parties reached a settlement agreement (the "Agreement"). The Agreement provides that Regal will receive a total amount of $5,550.00, including $2,650.00 in attorney's fees. In return, Regal has agreed

1

to release any and all claims arising from her employment with Defendant. (Mt. to Approve, Ex. A at § 5.)

The parties have now filed a joint motion to approve the Agreement. Many courts have held that in an FLSA case, parties to a settlement agreement must submit their agreement to the court for approval. *See, e.g., Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Bettger v. Crossmark*, Inc., No. 1:13-cv-2030, 2015 WL 279754, *3 (D.N.J. Jan. 22, 2015); *Morales v. PepsiCo.*, Inc., No. 11-cv-6275, 2012 WL 870752, *1 (D.N.J. Mar. 14, 2012). A court should approve a settlement agreement if it is fair and resolves a bona fide dispute. *See, e.g, Bredbenner v. Liberty Travel, Inc.*, No. 09-905, 2011 WL 1344745, *18 (D.N.J. Apr. 8, 2011). When analyzing a settlement agreement, a court must be mindful of the strong public policy in favor of settlements. *See, e.g., Farris v. JC Penney Co., Inc.*, 176 F.3d 706, 711 (3d Cir. 1999) (citations omitted).

The Court has reviewed the terms of the Agreement and concludes that the Agreement presents a fair resolution of a bona fide dispute. This case presents a bona fide dispute because the parties disagree on the number of hours worked by Regal. Moreover, this factual dispute creates uncertainties for both parties, which has led them to seek a middle ground by entering into a settlement agreement. Mindful of these considerations, the Court has reviewed the terms of the Agreement concludes that it is fair and reasonable.

For the foregoing reasons and for good cause shown;

**IT IS** on this 24th day of February 2015, hereby,

**ORDERED** that the parties' joint motion to approve the Agreement is **GRANTED**; and it is further

**ORDERED** that this case is hereby dismissed with prejudice.

          /s/ William J. Martini
   **WILLIAM J. MARTINI, U.S.D.J.**